BEALES, J.,
with whom RUSSELL, J., joins, concurring.
I join the majority opinion to the extent it holds that this case is controlled by Martin v. Commonwealth, 218 Va. 4, 235 S.E.2d 304 (1977) (per curiam). I write separately to emphasize that the Supreme Court’s decision in Martin is the reason why we must reverse the trial court in this case. The present appeal is essentially Martin revisited. In Martin, as in this case, the defendant requested a jury instruction on “accident.” The proposed instruction in Martin, as with the proposed instruction in this case, constituted a correct statement of the law and was supported by more than a scintilla of evidence at trial. The Commonwealth advanced the same argument in Martin and in this case — that other instructions adequately covered the defense theory of accident. In both this case and *598 in Martin, the proposed accident instruction was denied. See id. at 6, 285 S.E.2d at 305.
Martin is materially indistinguishable from this case, and, therefore, we must reach the same result as the Supreme Court in Martin because, of course, Supreme Court decisions are binding on this Court. There, the Supreme Court held,
In none of the instructions granted by the trial court, however, was the jury told that the burden was upon the Commonwealth to prove the killing was not accidental and that the jury should acquit the defendant if it entertained a reasonable doubt whether the death was accidental or intentional. It was error to refuse an instruction embodying these propositions.
Id. at 6-7, 235 S.E.2d at 305. The Supreme Court emphasized the effect that the denial of the proposed accident instruction potentially had on the jury’s understanding of the Commonwealth’s burden of proof, adding, “And, although the jury may have rejected the theory of accidental killing by finding the defendant guilty of murder, because this finding may have resulted from the mistaken belief that the burden was upon the defendant to prove the killing was accidental, the error was prejudicial.” Id. at 7, 235 S.E.2d at 305. Likewise, the jury in the case before us today was not instructed that the Commonwealth had the burden of proving that the shooting was not accidental. Therefore, the instructions given to the jury in this case were inadequate for precisely the same reason that the Supreme Court identified in Martin.
Accordingly, the Supreme Court’s decision in Martin absolutely controls the result in this case. Our analysis does not require any further explanation than that the Supreme Court’s decision in Martin mandates reversal here. On that narrow basis alone, I concur.[10]

. Consequently, I agree that the portion of the panel decision in Waters v. Commonwealth, 39 Va.App. 72, 569 S.E.2d 763 (2002), that is inconsistent with the Supreme Court's decision in Martin and with the decision in this case today must be overruled. In the instant case, unlike in Waters, the Commonwealth conceded at oral argument that an *599 acquittal would have been proper if the jury had accepted appellant’s defense of accident, given that there was no remaining offense to convict appellant of on which the jury had been instructed. This case does not affect the alternative holding in Waters.